STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RAYMOND P. MACCAUSLAND, <br> Individually and on Behalf of all Persons <br> Similarly Situated, <br>     *Plaintiff,* <br> <br> v. <br> <br> UBER TECHNOLOGIES, INC. <br> and RASIER, LLC, <br>     *Defendants.* | NMG Civil Action No. 1:17-cv-10253 |

**LINDSEY O'LEARY AND JENNI-LEIGH O'LEARY'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO SUBTITUTE PARTIES PURSUANT TO FED. R. CIV. P. 25 AND MOTION TO AMEND THE COMPLAINT PURSUANT TO FED. R. CIV. P. 15**

Lindsey O'Leary and Jenni-Leigh O'Leary (hereafter the "MacCausland Daughters"), the successors, heirs, and Administrators of the Estate of Raymond P. MacCausland, Jr., submit this memorandum in support of their motion pursuant to Fed. R. Civ. P. 25 to substitute Lindsey O'Leary and Jenni-Leigh O'Leary, as Administrators of the Estate of Raymond P. MacCausland, Jr., as the Plaintiff in this matter and also move to amend the Complaint pursuant to Fed. R. Civ. P. 15.

**BACKGROUND**

Raymond P. MacCausland, Jr. filed this action on February 16, 2017. There is a similar lawsuit against the Defendants, on behalf of taxi medallion owners, that is also pending in this Court: <u>Malden Transportation, Inc. et. al. v. Uber Technologies, Inc.</u>, 1:16-cv-12538 (the "Malden Matter"). Following a status conference on June 25, 2018, the Court and the parties agreed that the Malden Matter should be resolved first (scheduled for trial in June 2019) and, as a result, the parties here set September 6, 2019 as the deadline for class certification experts and March 11, 2020 as

the deadline for the Motion for Class Certification. Further, give the extensive discovery already completed in the Malden Matter, the parties here entered a discovery stipulation that, inter alia, the Defendants' discovery responses in the Malden Matter are accepted as Defendants' responses in this matter, the Plaintiff will not pursue any duplicative discovery, and the Plaintiff will not re-depose any witnesses deposed in the Malden Matter without leave of Court.

Raymond P. MacCausland, Jr. died unexpectedly on July 15, 2018. The Defendants filed a Suggestion of Death on November 2, 2018. On March 14, 2019, after a hearing in which the undersigned informed this Court that Mr. MacCausland's Daughters were willing to serve as Plaintiffs in this matter, this Court entered an order requiring that a motion to substitute by the MacCausland Daughters, as Personal Representative/Administrators, be filed within thirty (30) days (Docket Entry #81).

**ARGUMENT**

Federal Rule of Civil Procedure 25 provides that, if a party dies and the claim is not extinguished, the decedent's successor or representative may file a motion for substitution. Fed. R. Civ. P. 25(a)(1). See also Natalie v. Country Ford Ltd., 287 F.R.D. 135, 137 (E.D.N.Y.) (a proper party under Rule 25 is a legal representative of the deceased).

On April 9, 2019, a New Hampshire Probate Court appointed the late Raymond P. MacCausland, Jr.'s two daughters, Lindsey O'Leary and Jenni-Leigh O'Leary, as Administrators of the Estate of Raymond P. MacCausland, Jr. Therefore, they are the proper parties under Fed. R. Civ. P. 25 to be substituted as the Plaintiff in this matter. This motion is being submitted within the time period required by this Court.

Lastly, the MacCausland Daughters are seeking to make a few ministerial amendments to the Complaint that in no way prejudice the Defendants: (1) remove reference to taxi medallion

owners and taxi medallions, (2) correct the quoted language in paragraph 53 to reflect City of Boston Ordinance 16-15.05, (3) remove the antitrust prayers of relief, and (4) fix typographical errors. The Court should freely give leave for parties to amend their pleadings when justice so requires.  See Fed. R. Civ. P. 15(a)(2); see also Epstein v. C.R. Bard, Inc., 460 F.3d 183, 190-191 (1st Cir. 2006), quoting O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004) ("there is a 'liberal amendment policy under lying Rule 15'").  Absent some apparent or declared reason, such as undue delay, bad faith, dilatory motive, prejudice, or futility, amendments should be permitted. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The amendments sought here are ministerial and are being sought for accuracy purposes, not to add substantive facts or claims the Complaint.

WHEREFORE, for the foregoing reasons, Lindsey O'Leary and Jenni-Leigh O'Leary, as Administrators of the Estate of Raymond P. MacCausland, Jr. hereby request that this Honorable Court ALLOW their Motion to Substitute and name Lindsey O'Leary and Jenni-Leigh O'Leary, as Administrators of the Estate of Raymond P. MacCausland, Jr. as the Plaintiffs in this matter and ALLOW the motion to amend the Complaint.

Respectfully submitted, the Plaintiff,
Lindsey O'Leary and Jenni-Leigh O'Leary,
Administrators of the Estate of Raymond P. MacCausland, Jr.,
By their Attorneys,

**COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C.**

*/s/ Brendan R. Pitts*
Brendan R. Pitts (BBO #673308)
*bpitts@coluccilaw.com*
Darin M. Colucci (BBO #563232)
*darin@coluccilaw.com*
424 Adams Street
Milton, MA  02186
Tel: (617) 698-6000
Fax: (617) 698-3001

Dated: 4/11/19

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel for the Plaintiff has conferred with counsel for Defendant Uber Technologies, Inc., and have attempted in good faith to resolve or narrow the issues raised by this motion.

/s/ Brendan R. Pitts

Dated: 4/11/19

## CERTIFICATE OF SERVICE

I, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Brendan R. Pitts

Dated: 4/11/19