UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND P. MACCAUSLAND,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC. and<br>RASIER, LLC,<br><br>    Defendants. | C.A. No.  1:17-cv-10253-NMG |

**DEFENDANTS UBER TECHNOLOGIES, INC.'S AND RASIER, LLC'S
[PROPOSED] REPLY IN SUPPORT OF
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**
*(Motion for Leave Granted May 1, 2019)*

Michael N. Sheetz (BBO #548776)
Adam S. Gershenson (BBO #671296)
Timothy W. Cook (BBO# 688688)
Cooley LLP
500 Boylston Street
Boston, MA  02116
Tel.:  (617) 937-2300
Fax:  (617) 937-2400
msheetz@cooley.com
agershenson@cooley.com
tcook@cooley.com

Beatriz Mejia (*pro hac vice*)
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Tel: (415) 693-2000
Fax: (415) 693-2222
mejiab@cooley.com

Attorneys for *Uber Technologies, Inc.*
and *Rasier, LLC*

As Uber's opening brief demonstrated, as a matter of black-letter law Raymond P. MacCausland's claims did not survive his death. The common law, the Commonwealth's Survivorship Statute, and the Supreme Judicial Court's decisions dictate that Mr. MacCausland's claims—non-contractual claims for pure economic injury based on driving a rented taxicab—extinguished with his passing.

The opposition filed by Mr. MacCausland's former counsel struggles mightily to evade this conclusion. The opposition cites inapposite outdated dicta, and insists that a would-be intervenor who already agreed to arbitrate his claims can somehow revive federal court jurisdiction in a case that expired months ago. That opposition, however, nowhere disputes the three dispositive points. Mr. MacCausland's claims did not survive because: (1) they were not of the type enumerated in the Survivorship Statute or preserved by the SJC's rulings; (2) they claimed purely economic losses, whereas only claims for harm to a specific property right can survive; and (3) a belated, would-be intervenor cannot resurrect a claim after the only plaintiff passed.

This is not a case of muddled law or contested facts. Mr. MacCausland died in July 2018. He cannot change his complaint. All the papers are in, and the Court has one legal issue to answer: did Mr. MacCausland's non-contractual claims alleging only economic damages survive his death? By law, they did not. Allowing the case to move forward despite that law would, in the end, be a waste of the Court's and the parties' resources. The Court should grant Uber's motion for judgment on the pleadings and dismiss Mr. MacCausland's case with prejudice.

**I.     MASSACHUSETTS COURTS LOOK TO MASS. GEN. LAWS CH. 228, § 1 TO DETERMINE SURVIVABILITY.**

Under Massachusetts common law, contract claims survive a plaintiff's death, but as a rule tort claims do not. *Kraft Power Corp. v. Merrill*, 464 Mass. 145, 150-51 (2013). Mr. MacCausland advanced no contract claims. His claims could have survived, then, only if they had been torts

1

protected by the Massachusetts Survivorship Statute. They were not. "[I]n addition to the actions which survive by the common law," the Survivorship Statute enumerated a small subset of tort actions that survive a party's death. Mass. Gen. Laws ch. 228, §1. Under Chapter 228, § 1, only actions for (1) replevin; "(2) torts for assault, battery, imprisonment or other damage to the person; [] consequential damages arising out of injury to the person; [] goods taken away . . . or converted; or [] damage to real or personal property; and (3) actions against sheriffs." *Id*. MacCausland's claims are none of the above.

Massachusetts courts look to whether the "cause of action is substantively akin to the types of torts within the scope of Mass. Gen. Laws ch. 228, § 1" to determine if "the claim survives." *Klairmont v. Gainsboro Rest., Inc.*, 465 Mass. 165, 179 (2013) (finding non-contractual 93A claim based on ordinance violation that resulted in physical injury survived death because actions for "damage to the person" are enumerated in ch. 228, §1). That is the analysis required here—to compare Mr. MacCausland's claims to the enumerated, protected torts. Movants insist the Court should *not* do this required analysis because it confirms that Mr. MacCausland's claims did not survive. His claims that he lost money driving a rented taxi were simply not akin to assault, injury, conversion, damage to real property, or a claim against a sheriff.

Movants contend that the Court cannot resolve this purely legal issue regarding non-contractual claims because the SJC did not speak to it definitely in *Kraft Power*, when the SJC found that contract-based 93A claims survived a party's death. Opp. at 6 (relying on dicta from *Kraft Power* to argue the issue remains "open"). Movants are wrong. In *Klairmont*, the SJC looked to Chapter 228, § 1 to determine if a party's specific non-contractual 93A claims survived death, expressly advising that it was "***addressing the question left open in Kraft Power***." *Id.* at 179 (emphasis added); *see also* Dkt. 100 ("Uber Br.") at 3 (quoting *Klairmont*, 465 Mass. at 179).

2

Following *Klairmont,* courts in this district have applied the required analysis and held that a plaintiff's death extinguishes non-contractual 93A claims where, as here, they do not meet the exceptions set forth in the Survivorship Statute. *See Brenner v. Williams-Sonoma, Inc.*, 2016 WL 7785456, at *5-6 (D. Mass. Jan. 27, 2016) (claims alleging misrepresentation do not survive a party's death). This is not an open or confusing issue. *Klairmont* made clear the statutory requirements apply. Accordingly, *Brenner* performed the very analysis that movants seek to avoid.

Movants' invocation of *Brown v. Sav. Bank Life Ins. Co.*, another attempt to avoid the required analysis, fares no better. There, the Massachusetts Appeals Court remanded the case because the trial court *failed to determine* whether non-contractual 93A claims survived death. 93 Mass. App. Ct. 572, 589 (2018). Movants, however, want this Court to use *Brown* as a reason *not to determine* whether Mr. MacCausland's non-contractual 93A claims survived. There is no reason to ignore the issue or to forego the analysis set forth by the SJC in *Klairmont*. The Court should, as a matter of law, follow the statute and determine whether Mr. MacCausland's claims were the type of claims that survived his death. They were not. Under that established framework, Mr. MacCausland's claims were not "akin" to the claims that survive. *Klairmont*, 465 Mass. at 179. His passing extinguished his claims.

II.   **MR. MACCAUSLAND'S ECONOMIC DAMAGES DID NOT SURVIVE HIS DEATH.**

"[B]eing out of pocket . . . , by itself, is not a 'damage to . . . personal property' under the Survivorship Statute." *In re C.R. Stone Concrete Contractors, Inc.,* 462 B.R. 6, 22 (D. Mass. 2011). Mr. MacCausland does not allege any "damage to . . . personal property." Mass. Gen. Laws ch. 228, § 1. For a claim to survive, a litigant must demonstrate damage to "a specific property right," not general allegations of economic harm. *In re C.R. Stone Concrete Contractors, Inc.*, 462 B.R. at 22.

3

For the first time in more than two years, movants now contend, without citing to the complaint, that Mr. MacCausland brought claims for "damages to his taxi business." Opp. at 7. As a threshold matter, the operative complaint alleged only that Mr. MacCausland worked as a taxi shift driver (*i.e.*, he rented a car with a taxi medallion and earned money by transporting passengers), SAC ¶ 1, and Uber's competition allegedly caused "lost profits." *Id.* at ¶ 140. There were no business damages to be found anywhere in the complaint.

Even if Mr. MacCausland had alleged damages to a taxi business, his claims would *still* not have survived. Regardless of whether he had framed them as business-related or non-business related, the exception for "damage to . . . property" must identify a specific property right that has been harmed. *In re C.R. Stone Concrete Contractors, Inc.*, 462 B.R. at 22. Mr. MacCausland's complaint did not allege any such harm, and could not have, as he had no specific property right in driving a rented taxi. The allegations that Mr. MacCausland was out of pocket cannot survive his passing as a matter of law.

Movants' cited cases confirm that Mr. MacCausland's claims do not survive. First, *Nelson v. Knox*, a Sixth Circuit 1950s case applying federal law, held only that claims alleging harm to real property—a building passed on to the plaintiff's estate—survived his death. 230 F.2d 483, 484 (6th Cir. 1956). By contrast, Mr. MacCausland's claims for lost profits relating to his personal taxi driving did not allege harm to real property and did not pass to his estate. Second, *Curtis v. Herb Chambers I-95, Inc.* did not hold in any way that allegations of monetary loss were sufficient for a claim's survival. To the contrary, *Curtis* held that "good will is property," and thus the claim for lost good will there met the requirement for an injury to a specific property right—an allegation entirely missing here. 75 Mass. App. Ct. 662, 673 (2009).[1] Whether construed as personal

---

[1] Movants' analogy to tortious interference is misplaced because *Curtis* determined survivability on the harm alleged, rather than the brand of tort. In any event, MacCausland already dismissed his tortious interference claim here. *See*

4

damages or business damages, Mr. MacCausland's economic damages were not a harm to a specific form of property that could survive his death. Mr. MacCausland sought only economic damages, and those claims expired with his passing in July 2018.

### III. A MOTION TO INTERVENE DOES NOT CREATE JURISDICTION WHERE PLAINTIFF'S PASSING MOOTED THE CASE.

"[T]he mootness of the substantive claim of the named plaintiff in a purported but uncertified class action moots the entire case." *Wilson v. Sec'y of Health & Human Servs.*, 671 F.2d 673, 679 (1st Cir. 1982) (Breyer, J.). Mr. MacCausland's passing mooted the case, and Monzar Scheene's ("Scheene") desire to intervene after the fact cannot create jurisdiction where none exists. As movants' own cited cases make clear, an intervenor like Scheene cannot use "intervention to manufacture jurisdiction." *In re Elscint Ltd. Sec. Litig.*, 674 F. Supp. 374, 378 (D. Mass. 1987). (Opp. at 5).

Movants contend that Scheene's desire to intervene somehow obviates Uber's motion for judgment on the pleadings, but that is backwards. Mr. MacCausland's death mooted his case months ago. The idea that Scheene has now moved to intervene does not turn back time, or resurrect a case or controversy that expired nine months ago.

Moreover, there was no certified class in the *MacCausland* case, and Scheene cannot create one now. Nor could he maintain a class action when he drove on the UberX platform and agreed to arbitrate, individually, any claims against Uber. *See* Dkt. No. 114 at 5-6. Scheene cannot revive MacCausland's suit, which expired long ago as a matter of law.

---

Dkt. No. 54, at 2, 3 (seeking leave to file amended complaint to remove tortious interference claim after it was dismissed in *Malden*).

## IV.  CONCLUSION

For the foregoing reasons and as explained in its opening brief, the Court should grant Uber's motion for judgment on the pleadings.

Dated: April 30, 2019

Respectfully submitted,

UBER TECHNOLOGIES, INC AND RASIER, LLC

By Their Attorneys,

/s/ Michael N. Sheetz
Michael N. Sheetz (BBO #548776)
Adam S. Gershenson (BBO #671296)
Timothy W. Cook (BBO# 688688)
Cooley LLP
500 Boylston Street
Boston, MA 02116
Tel.: (617) 937-2300
Fax: (617) 937-2400
msheetz@cooley.com
agershenson@cooley.com
tcook@cooley.com

Beatriz Mejia (*pro hac vice*)
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111
Tel: (415) 693-2000
Fax: (415) 693-2222

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 30, 2019.

/s/ Timothy W. Cook
Timothy W. Cook